Anthony AMAKER, Plaintiff–
Appellant,

v.

T. KELLEY, J. Landry, P.T. Justine, T.G. Egan, D.A. Senkowski, M. Allard, R. Girdich, G.S. Goord, J. Wood, Doctor I. Ellen, J. Mitchell, H. Worley, Doctor L.N. Wright, S. Nye, M. McKinnon, R. Rivers, L. Coryer, A. Pavone, L. Cayea, D. Armitage, J. Carey, P.W. Annetts, R. Rivera, E. Aiken, S. Gideon, R. Lincoln, D. Linsley, C.O. Gordon, J. Reyell, D. Champagne, J. Kelsh, W. Carter, F. Bushey, Cho Phillip, Cho Drom, A.J. Annucci, L.J. Leclair, D. Laclair, T.L. Ricks, A. Boucaud, H. Perry, B. Baniler, R. Lamora, E. Liberty, G. Ronsom, R. Maynard, C. Daggett, D. Selsky, K.M. Lapp, R. Sears, J. Babbie, Sgt. Champagne, Doctor K. Lee, R. Vaughan, M. Nisoff, Defendants–Appellants,

ly exculpatory material, and express no view on that question.

**O. Mayo, Defendant.***

**No. 09–1007–pr.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2010.

Anthony Amaker, pro se, Pine City, NY, for Plaintiff–Appellant.

Julia Sheridan, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barabara D. Underwood, Solicitor General, and Nancy. A Spiegel, Senior Assistant Solicitor General, on the brief), Office of the Attorney General, State of New York, Albany, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, DENNY CHIN, Circuit Judges, STEFAN R. UNDERHILL, District Judge.**

### SUMMARY ORDER

Incarcerated plaintiff-appellant Anthony Amaker, proceeding *pro se,* appeals from the grant of a motion for summary judgment in favor of defendants, fifty-six employees of the New York State Department of Corrections, on Amaker's 42 U.S.C. § 1983 claims. Amaker's complaint, liberally construed, alleges that defendants' conduct while Amaker was incarcerated at Clinton Correctional Facility and Upstate Correctional Facility violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. We assume the parties' familiarity with the underling facts, procedural history, and issues on appeal.

We review *de novo* the decision of the District Court to grant summary judgment and will affirm, only if the record, viewed in the light most favorable to the nonmoving party (here, Amaker), reveals no genuine issue of material fact. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright,* 597 F.3d 532, 535–36 (2d Cir.2010). Having conducted a *de novo* review, we hold, for substantially the reasons stated by the District Court, *see Amaker v. Kelley,* No. 01–CV–877, 2009 WL 385413 (N.D.N.Y. Feb. 9, 2009) (adopting the Report and Recommendation of the Magistrate Judge in its entirety), that—to the extent that Amaker's complaint contains well-pleaded allegations against defendants at all—defendants are entitled to summary judgment as a matter of law.

### *CONCLUSION*

We have considered each of Amaker's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

---

* The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

** The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.